UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1136(DSD/AJB)

Pamela Forte,
Plaintiff,

v.

**ORDER**

Ryerson Tull, Inc., d/b/a
Joseph T. Ryerson and Sons, Inc.,
and John Rich,

Defendants.

Stephen W. Cooper, Esq., Stacey R. Everson, Esq. and Cooper Law Office, 800 Ceresota Building, 155 Fifth Avenue South, Minneapolis, MN 55401, counsel for plaintiff.

Jean F. Holloway, Esq., Matthew E. Klein, Esq. and Dorsey & Whitney, Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on defendant's motion to dismiss under Rule 12(c), or alternatively, for summary judgment under Rule 56. For the reasons stated below, the court grants defendant's motion for summary judgment on the claim for unpaid overtime and dismisses without prejudice all remaining claims.

**BACKGROUND**

Plaintiff Pamela Forte alleges that her former supervisor John Rich fired her from her job as a secretary at Joseph T. Ryerson and Sons, Inc. ("JTR") so that he could replace her with his alleged

FILED 12-18-00
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 12-18-00
Deputy Clerk's Initials ______

"paramour," Julie Bowman. Plaintiff uses this allegation as a basis to bring several employment-related claims against JTR and Rich, including: (1) gender discrimination under the Minnesota Human Rights Act ("MHRA"); (2) sexual harassment under the MHRA; (3) reprisal under the MHRA; (4) aiding and abetting under the MHRA; (5) lost wages under the Minnesota and federal Fair Labor Standards Act ("FLSA"); (6) negligence and negligent hiring, retention, training, and supervision under the state common law; (7) defamation under the state common law; (8) intentional infliction of emotional distress under state common law; (9) whistle-blower retaliation under Minnesota state statute; (10) breach of contract under state common law; and (11) intentional interference with business relationship under state common law.

Defendant moves this court to dismiss these claims either under Rule 12(c), or alternatively, under Rule 56. For the reasons stated below, the court grants defendant's motion in part and dismisses Count Four, the claim for unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.23, with prejudice. As to the remaining claims (Counts 1-3 and 5-11), all were brought by plaintiff under Minnesota state statute or the

state common law.[1] (See Plaintiff's Complaint.) The sole basis for federal jurisdiction and removal in this case was Count Four concerning the alleged lost wages under the federal FLSA. (See Defendant's Notice of Removal at 2-3.) Since this court dismisses Count Four with prejudice, the basis for federal jurisdiction no longer exists. The court will not exercise supplemental jurisdiction over the remaining state law claims, and accordingly they are dismissed without prejudice.

## ANALYSIS

### A. Summary Judgment Standard

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 c). A fact is material only when its resolution affects the outcome of the case.

[1] Count 1 alleges gender discrimination and aiding and abetting under Minn. Stat. §363.01 *et seq.*; Count 2 alleges sexual harassment and aiding and abetting under Minn. Stat. §363.01 *et seq.*; Count 3 alleges reprisal and aiding and abetting under Minn. Stat. §363.01 et seq.; Count 5 alleges negligence under the common law; Count 6 alleges defamation under the common law; Count 7 alleges intentional infliction of emotional distress under the common law; Count 8 alleges various negligent actions of the employer under the common law; Count 9 alleges a whistle-blower violation under Minn. Stat. §181.932; Count 10 alleges breach of contract under the common law; and Count 11 alleges intentional interference with a business relationship or advantage under the common law.

See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Id. at 249.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. Id. at 250. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Id. Nor may the nonmoving party simply argue that facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If a plaintiff fails to support an essential element of a claim, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. Celotex, 477 U.S. at 322-23. With this standard at hand, the court addresses defendant's motion.

The plaintiff argues that summary judgment is premature because discovery has not been completed in this case. While Rule 56(c) does not require the completion of all discovery before a court may enter summary judgment, Rule 56(f) does permit a party

opposing summary judgment to seek a continuance and postpone summary judgment until more discovery has occurred. See Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). In order to successfully argue that summary judgment is premature and take advantage of a Rule 56(f) continuance or postponement, "the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover." Roark v. City of Hazen, Ark. 189 F.3d 758, 762 (8th Cir. 1999). See Fed. R. Civ. P. 56(f); Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998) (affirming grant of summary judgment for defendant and rejecting plaintiff's argument regarding inadequate time to conduct discovery since no motion was made under 56(f)); and Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2740 (3d ed. 1992) ("Rule 56(f) protects a party opposing summary judgment who for valid reasons cannot ... present 'facts essential to justify the adverse party's opposition' to the motion. Under the Rule a party who seeks the protection of subdivision (f) must state by affidavit the reasons ...").

Plaintiff has not made a motion or submitted an affidavit under Rule 56(f) showing what specific facts further discovery might provide. See Fed. R. Civ. P. 56(f). Moreover, plaintiff has failed to set forth specific facts showing any genuine issues for trial on this claim. See Fed. R. Civ. P. 56(e); and McCormick v.

Ross, 506 F.2d 1205, 1208 (8th Cir. 1974) aff'd 506 F.2d 1205 (8th Cir.) (when a party seeks summary judgment and makes a convincing showing that genuine issues of fact are lacking, adversary is required to demonstrate by receivable facts that a real controversy exists to survive summary judgment); Local 314, National Post Office Mail Handlers v. National Post Office Mail Handlers, 572 F. Supp. 133, 140 (E.D. Mo. 1983) (conclusory memorandum that issues of fact existed did not meet obligation imposed upon party opposing summary judgment). Thus, the court concludes that summary judgment is not premature and makes its determination on the record before the court.[2]

**B. Count Four: Unpaid Overtime**

In an action where an employee sues an employer for unpaid overtime, the plaintiff has the prima facie burden of showing that she worked overtime without compensation, the amount and extent of

---

[2] Furthermore, the court must convert a motion to dismiss into one for summary judgment when matters outside the pleadings are considered by the court. See Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1366 (3d ed. 1992). Any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings constitutes matters outside the pleadings. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). The court notes that the parties here have submitted affidavits and deposition transcripts with their respective motions. See C.B. Trucking Inc. v. Waste Management Inc., 137 F.3d 41, 43 (1st Cir. 1998) (court acted within its discretion by treating motion to dismiss as motion for summary judgment when considering evidence outside pleadings). Accordingly, since the court has considered evidence outside the pleadings, this matter must be treated as a motion for summary judgement. See Gibb, 958 F.3d at 816.

the work as a matter of just and reasonable inference, and that her employer knew of the uncompensated overtime.[3] See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-687 (1946) ("An employee [who sues for] unpaid overtime compensation ... has the burden of proving that he performed work for which he was not properly compensated."). See also Johnson v. Dierks Lumber and Coal Co., 130 F.2d 115, 118 (8th Cir. 1942) ("[i]n an action for unpaid compensation ... burden is upon plaintiff"); In re Food Lion Effective Scheduling Litigation, 861 F. Supp. 1263, 1271 (E.D. N.C. 1994) (holding that plaintiff has burden of establishing prima facie case that uncompensated overtime was worked); Hight v. Armour and Co., 533 F. Supp. 998, 1004 (W.D. Ark. 1982) (in an action for unpaid overtime, burden first rests on the plaintiff to make a prima facie case); and Di Re v. Central Livestock Order Buying Co., 253 Minn. 120, 126, 91 N.W.2d 453, 458 (Minn. 1958 (state court applying same burden of proof upon plaintiff).[4]

---

[3] "Employ" under the FLSA means to "suffer or permit to work." 29 U.S.C. § 203(g). To suffer or permit to work means "with the knowledge of the employer. Therefore, in order to prove that [plaintiff] is 'employed' for purposes of the Act, it is necessary for plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work." Davis v. Food Lion, Inc., 792 F.2d 1274, 1276 (4th Cir. 1986) (citations omitted); Pforr v. Food Lion, Inc., 851 F.2d 106, 109 (4th Cir. 1988) (plaintiff has burden to show employer suffered or permitted work through actual knowledge or "proof of a pattern or practice of employer acquiescence" in uncompensated overtime work).

[4] While there is no direct authority holding that the federal and the state Fair Labor Standards Acts are to be identically (continued...)

Once plaintiff has met its burden of showing a prima facie case, the burden then shifts to employer. See Anderson, 328 U.S. at 687. See also Fight, 533 F. Supp. at 1004 (employee bears burden of establishing violation, then burden shifts to employer).

Based upon the absence of material facts in dispute, and considering the entire record, the court concludes that plaintiff fails to establish a prima facie claim for unpaid overtime wages.[5] Defendant is thus entitled to summary judgment as a matter of law. The court notes that the sole basis for plaintiff's lost wages claim appears to be plaintiff's conclusory complaint and affidavit.[6] A conclusory affidavit alone does not provide a basis

---

[4](...continued) analyzed, there is general authority and sufficient presumptive authority to support that the underlying elements of a prima facie case for unpaid overtime are similarly construed. See Becker v. F & H Restaurant Group, Inc., 413 N.W.2d 202, 205 (Minn. Ct. App. 1987) (applying similar provisions of analogous federal law to Minnesota's FLSA by citing Nelson v. Master Vaccine, Inc., 382 N.W.2d 261, 264 (Minn. Ct. App. 1986)); 17 *Minnesota Practice* § 5.1 et seq. (discussing that federal and state law should be construed conjunctively to assure greatest benefit and protection to covered employees); see e.g. Moss v. Advance Circuits Inc., 981 F. Supp. 1239, 1245 (D. Minn. 1997) (construing legal analysis for discrimination claims similarly between state and federal law); Howe v. City of St. Cloud, 515 N.W.2d 77,80 (Minn. Ct. App. 1994) (where federal FLSA and state statutes do not conflict, both may apply).

[5] The court notes that both parties agree that Count Four does not apply to defendant Rich since only employers are liable for violations under FLSA. (See Plaintiff's Motion in Opposition at 19).

[6] While plaintiff's complaint and affidavit alleges that she brought unspecified complaints to the United States Department of (continued...)

upon which a party with the burden of proof may avoid summary judgment. See Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1110 (8th Cir. 1998) (plaintiff's conclusory assertions alone insufficient to establish prima facie case and avoid summary judgment); Miller v. Citizens Sec. Group, Inc., 116 F.3d 343, 346 (8th Cir. 1997) (conclusory statement in plaintiff's affidavit cannot create genuine issue of material fact which precluded summary judgment). Furthermore, plaintiff in her papers responding to defendant's motion to dismiss, or alternatively for summary judgment, does not specifically address Count Four. Since plaintiff has failed to raise a genuine issue of material fact in response to defendant's motion for summary judgment on this issue, the claim must be dismissed, and defendant is granted summary judgment on Count Four.

---

[6](...continued) Labor and Industry, and further alleges she received an indeterminate and unspecified "favorable finding", it is unclear as to which of her several complaints she actually brought and whether the unpaid overtime issue was even addressed. Moreover, plaintiff's papers and the record are unclear as to what this "favorable finding" specifically entailed and upon what basis. Significantly, in the record before the court plaintiff provides no specific evidentiary basis to support this contention nor even addresses this issue in her brief in response to defendant's motion to dismiss, or alternatively defendant's motion for summary judgment. Moreover, the court notes that it has no legal obligation to abide by an unspecified and indeterminate "favorable finding" of the United States Department of Labor and Industry. See Rekhi v. Wildwood Industries Inc., 61 F.3d 1313, 1319 (7th Cir. 1995) (department of labor's findings have no binding force in subsequent lawsuit).

Finally, since Count Four was the sole basis for federal jurisdiction and the court decides to not exercise supplemental jurisdiction on the remaining counts, they are dismissed without prejudice. See 28 U.S.C. § 1367(a); Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990) (holding that courts should "exercise judicial restraint and avoid state law issues wherever possible").

## CONCLUSION

Based on a review of the file and record, **IT IS HEREBY ORDERED** that:

1. Summary judgment in favor of defendant is granted on Count Four, the overtime pay issue; and

2. The remaining state law claims (Counts 1, 2, 3, 5, 6, 7, 8, 9, 10, 11) are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 18, 2000

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd